USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO PERDOMO,

                Plaintiff,

-v-

19 Civ. 3378 (JGK)

UNITED STATES OF AMERICA,

                Defendant.

## PRIVACY ACT ORDER AND PROTECTIVE ORDER

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and the Immigration and Nationalization Act and its implementing regulations, and assuring the confidentiality of information that may be disclosed by the parties or by any non- party agencies, departments, or offices of the United States of America (the "United States") in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

      1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from

disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including, but not limited to, privileged law enforcement information, information protected from disclosure by the Privacy Act, and information protected from disclosure under the Immigration and Naturalization Act and its implementing regulations.

3. Information that Plaintiff or the United States deem Protected Information shall be designated as such in one or more of the following ways:

    i. Information set forth in an answer to an interrogatory may be so designated by including the words "Protected Information" in the answer.

    ii. Information contained in any document or part thereof may be so designated by marking the phrase "Subject to Protective Order" on the document or record containing Protected Information prior to the production of such document or record.

    iii. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given or, after receiving the transcript of the deposition, by giving written notice to counsel for the opposing party of the page and line numbers designated as "Protected Information."

4. The Plaintiff or the United States may designate certain highly sensitive materials, including material containing sensitive law enforcement information, as "Highly Confidential." The Plaintiff or the United States may designate material as "Highly Confidential" in one or more of the following ways:

i. Information set forth in an answer to an interrogatory may be so designated by including the words "Highly Confidential - Attorneys' Eyes Only" in the answer.

ii. Information contained in any document or part thereof may be so designated by marking the phrase "Highly Confidential - Attorneys' Eyes Only" on the document or record containing Highly Confidential material prior to the production of such document or record.

iii. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given or, after receiving the transcript of the deposition, by giving written notice to counsel for the opposing party of the page and line numbers designated as "Highly Confidential - Attorneys' Eyes Only."

5. Any party who contests the designation of a document, record, or other information as Protected Information or Highly Confidential shall provide the producing party written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

6. Except as provided in this Order, all Protected Information and Highly Confidential material produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

7. Protected Information may be disclosed only to the following persons:

   i. The United States, attorneys for the United States, and any support staff or other employees of the United States or attorneys of record who are assisting in the defense of this action;

   ii. Plaintiff, attorneys for Plaintiff, and any support staff or other employees of attorneys of record for Plaintiff who are assisting in the maintenance of this action;

   iii. Witnesses who are or may be deposed in this action, to the extent the witnesses' testimony may relate to Protected Information;

   iv. Experts or consultants retained or consulted for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

   v. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

   vi. Court employees and Court staff; and

   vii. Such other persons as hereafter may be authorized by the Court upon motion of any party.

8. A copy of this Order shall be delivered to each person under sections 7(iii), 7(iv), and 7(v) to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. Each such person shall execute an acknowledgment in the form of Exhibit 1 attached hereto before disclosure is made, and the provisions of this Order shall be binding upon that person.

9. Highly Confidential material may be disclosed only to the following persons:

   i. Attorneys for the parties retained specifically for this action, including

any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

        ii.        As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        iii.        The United States, attorneys for the United States, and any support staff or other employees of the United States or attorneys of record who are assisting in the defense of this action;

        iv.        As to the floor plan of the fourth floor of 201 Varick Street, New York, NY, employees or contractors of the United States who are currently or were previously employed at that facility, provided, however, that while the floor plan may be shown to such individuals, they shall not be provided with copies to retain;

        v.        Experts or consultants retained or consulted for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit 2 hereto;

        vi.        Any outside litigation support vendor or service, including outside copying services or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, provided such person(s) or an appropriate company official with authority to do so has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit 2 hereto;

        vii.        Court reporters, stenographers, or videographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit 2 hereto;

viii. The Court and its support personnel in connection with this action or any appellate court and its support personnel in connection with any appeal of this action; and

ix. Such other persons as hereafter may be authorized by the Court upon motion of any party.

10. Prior to any disclosure of any Highly Confidential material to any person referred to in subparagraphs (iv), (v), (vi), and (vii) to Paragraphs 9 above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit 2 hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request.

11. All persons, including the parties and their respective counsel, to whom Protected Information or Highly Confidential material is disclosed, are hereby prohibited from disclosing information designated as Protected Information or Highly Confidential to any unauthorized person, except as provided in this Order. Each person who has access to Protected Information or Highly Confidential material shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. Any deposition questions intended to elicit testimony regarding information designated as Protected Information or Highly Confidential shall be conducted only in the presence of persons authorized to review the Protected Information or Highly Confidential material. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information or Highly Confidential material.

13. If any party seeks to publicly file with the Court any Protected Information or

Highly Confidential material, or portions of pleadings, motions, or other papers that disclose such Protected Information or Highly Confidential material, that party shall provide the producing person no less than fourteen days' advance written notice of its intent to file such material. The parties shall then confer regarding whether such information satisfies the criteria for filing under seal and whether an application to the Court for permission to file under seal is warranted. The parties will use their best efforts to minimize the need to file documents under seal. If the producing party believes filing under seal is warranted, the documents shall be filed in redacted form with the Court and a motion to seal filed. The parties shall follow this Court's individual practices with respect to filing under seal.

14. Nothing in this Order shall preclude any disclosure of Protected Information or Highly Confidential material to any judge, magistrate, or employee of the Court for purposes of this action.

15. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information or Highly Confidential material, provided that reasonable notice of the potential disclosure of the Protected Information or Highly Confidential material shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information or Highly Confidential material, in advance of its use in open court.

16. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein in paragraph 7, or Highly Confidential material produced under this Order to any person or entity not identified herein in paragraph 9, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to

object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

17. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and Highly Confidential material and copies thereof in the possession of any person shall be returned to the producing parties or destroyed. If the Protected Information or Highly Confidential material is destroyed, the party that has destroyed the Protected Information or Highly Confidential material shall certify in writing to the producing party that the Protected Information or Highly Confidential material in its possession has been destroyed.

18. If a party or the Government inadvertently fails to designate material as Protected Information or Highly Confidential material at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that material. The producing party may correct its failure to designate an item as Protected Information or Highly Confidential material by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

19. This Order does not constitute any ruling on the question of whether any particular document or category of information is prohibited from disclosure by the Privacy Act or that any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

20. Nothing in this Order shall be construed as a waiver of any defense, right,

objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

21.     Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

22.     Nothing in this Order shall prevent the disclosure of Protected Information or Highly Confidential material to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

23.     Nothing in this Order precludes Plaintiff from seeking, by separate process in another proceeding, Protected Information or Highly Confidential material, so long as such requests or subpoenas do not themselves disclose confidential or Privacy Act material or other Protected Information or Highly Confidential material.

24.     Nothing in this Order shall prevent any disclosure of Protected Information or Highly Confidential material by the party or entity that designated the information as such.

25.     The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York  
     January 24, 2020

     GIBSON, DUNN &  
     CRUTCHER LLP

By:   /s/ Zachary Kady*  
     RICHARD W. MARK  
     CLIFFORD HWANG  
     ZACHARY KADY  
     200 Park Avenue  
     New York, New York 10166  
     Tel.: (212) 351-4000  
     Fax: (212) 351-4035  
     *Attorney for Plaintiff*

Dated: New York, New York  
     January 24, 2020

     GEOFFREY S. BERMAN  
     United States Attorney for the  
     Southern District of New York

By:   /s/ Talia Kraemer  
     TALIA KRAEMER  
     JENNIFER JUDE  
     Assistant U.S. Attorneys  
     86 Chambers Street, Third Floor  
     New York, New York 10007  
     Tel.: (212) 637-2822/2663  
     Fax: (212) 637-2702/2686  
     *Attorneys for the United States*

SO ORDERED.

*[signature: Katharine H Parker]*  
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York  
     **January 24,**_____, 2020

---

* Signature by consent.

1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO PERDOMO,

               Plaintiff,

-v-                            19 Civ. 3378 (KHP)

UNITED STATES OF AMERICA,

               Defendant.

**ACKNOWLEDGEMENT**

     I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the above-captioned case, and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO PERDOMO,

                      Plaintiff,

      -v-

UNITED STATES OF AMERICA,

                      Defendant.

19 Civ. 3378 (KHP)

## NON-DISCLOSURE AGREEMENT

      I, _____, acknowledge that I have read and understand the terms of the Protective Order in this action governing the non-disclosure of material that has been designated as Highly Confidential. I agree that I will not disclose such Highly Confidential material to anyone other than as expressly permitted under the Protective Order, and that at the conclusion of the litigation I will return all Highly Confidential material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     Signature: _____

                                Printed Name: _____